# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **K.S.**

**No. 19-0080** (Randolph County 16-JA-122)

## MEMORANDUM DECISION

Petitioners Aunt S.N. and Uncle R.N., by counsel Morris C. Davis, appeal the Circuit Court of Randolph County's December 19, 2018, order denying them permanent placement of K.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioners argue that the circuit court erred in finding that it was in the child's best interests to be placed with the foster parents.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2016, the DHHR initiated child abuse and neglect proceedings against K.S.'s parents after it received disclosures of sexual abuse by the father and substance abuse by the mother. The parents were eventually adjudicated as abusing parents. The mother relinquished her parental rights in September of 2017, and the father's parental rights were involuntarily terminated shortly after in November of 2017. Thereafter, the circuit court had to determine permanent placement for the child, K.S.

Throughout the entirety of the proceedings, K.S.'s half-sister, K.H., was placed in a foster home, while K.S. went through multiple placements. K.S. was initially placed in the home of a maternal uncle, but was removed in January of 2018 due to allegations of the home being unfit. K.S. was then placed in a kinship placement. In April of 2018, petitioners, K.S.'s aunt and uncle,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

moved the circuit court to intervene in the proceedings and requested placement of the child.[2] The circuit court granted petitioners' motion to intervene. At some point thereafter, K.S. was placed in the same foster home as his half-sister.

In October of 2018, the circuit court held a final permanency hearing in regard to K.S. The DHHR requested that the circuit court grant placement of K.S. to the foster parents so that the siblings could be adopted together. The DHHR alleged that this placement was in the child's best interests and that placement with petitioners was not recommended due to aggravated circumstances. In support, the DHHR presented the testimony of a Child Protective Services ("CPS") worker, who reported that petitioner S.N. previously had her parental rights to an older child terminated around 1996. Moreover, the worker raised concerns over subsequent referrals and allegations regarding petitioner S.N.'s knowledge of, and possible participation in, the sexual abuse of other children by her ex-husband. However, petitioner S.N. testified that she did not have knowledge of, or participate in, the sexual abuse perpetrated by her ex-husband. Further, petitioners testified that they played an important role in K.S.'s life prior to the initiation of the underlying proceedings, including caring for the child, taking him out to eat, and taking him to do fun activities. After hearing evidence, the circuit court determined that placement with the foster parents was in K.S.'s best interests so that he could maintain a relationship with K.H. The circuit court based this decision on the fact that the DHHR had not approved petitioners' home and petitioner S.N.'s prior termination of parental rights. While the circuit court acknowledged that the prior termination of parental rights occurred nearly twenty-two years ago, it stated that "such things are not necessarily remedied over time" and expressed concern over whether petitioner S.N. could protect the child if placed in her care given the evidence presented. It is from the December 19, 2018, order denying them placement of K.S. that petitioners appeal.[3]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]Petitioners are not the aunt and uncle of K.H. and do not request custody of this child.

[3]The mother voluntarily relinquished her parental rights, and the father's parental rights were involuntarily terminated. The child was placed in a foster home with a permanency plan of adoption therein.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioners argue that the circuit court erred in finding that it was in the child's best interests to be placed with the foster parents. While petitioners acknowledge that West Virginia Code § 49-4-111 establishes a statutory preference for placing siblings in the same home, they argue that this preference "must be tempered with a best interest analysis because in custody matters the best interests of the child are 'paramount.'" Petitioners contend that they have played a significant role in K.S.'s life and that petitioner S.N. has acted as a caretaker for the child at times. Because of their connection with the child, petitioners argue that placement in their home was in the child's best interests and the circuit court erred in permanently placing the child with the foster parents. We find petitioners' arguments to be unpersuasive.

We have previously held that "[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided." Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W. Va. 302, 47 S.E.2d 221 (1948). Very recently, this Court clarified that

> no preference is afforded to blood relatives, generally, when placing a child for adoption. . . . [W]e now specifically hold that only two statutory familial preferences applicable to the adoption of a child are recognized in this State: (1) a preference for adoptive placement with the child's grandparents set forth in W. Va. Code § 49-4-114(a)(3) . . . and (2) a preference for placing siblings into the same adoptive home pursuant to W. Va. Code § 49-4-111 . . . . Apart from the grandparent and the sibling preferences, there does not exist an adoptive placement preference for a child's blood relatives, generally.

*In re K.L.*, -- W. Va. --, 826 S.E.2d 671, 681 (2019). However, petitioner correctly notes that such preferences must be tempered by the best interests of the child. Indeed, "if allegiance to a preferential placement does not promote the children's best interests, such preference must yield to the placement that is most beneficial to the children." *Id.* (citing *In re Elizabeth F.*, 225 W. Va. 780, 787, 696 S.E.2d 296, 303 (2010)).

Having reviewed the record, we find no error in the circuit court's conclusion that placement with the foster parents is in the child's best interests. Clearly, there is a preference for placing K.S. in the foster parents' home given their custody of, and anticipated adoption of, the child's half-sibling, K.H. Accordingly, the child need only be placed elsewhere if placement with his half-sibling is not in his best interests. However, no such evidence was submitted. Rather, the record establishes that the children are close in age and were living together prior to the initiation of the underlying proceedings. Following the initiation of the proceedings, K.S. was moved from home to home until placed with the current foster family, who now wishes to adopt him and give him a sense of permanency.

Further, the DHHR raised serious concerns about petitioners' ability to parent the child. Petitioner S.N.'s parental rights to an older child were previously terminated and she was accused of having knowledge of and participating in sexual abuse perpetrated by her ex-husband. While no criminal charges were ever brought against petitioner S.N., the court noted that it remained

concerned about her failure to remedy the prior conditions of abuse that led to the termination of her parental rights. Lastly, while petitioners argue that petitioner S.N. has previously acted as caretaker for the child and has a strong bond with him, they offered no evidence to corroborate her self-serving testimony. Accordingly, we find that the circuit court did not abuse its discretion in determining that placement of K.S. with the foster parents was in his best interests and that petitioners are entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 19, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison